IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUDY STANKO,              )<br>                                            )<br>        Plaintiff,             )<br>                                            )<br>    vs.                              )<br>                                            )<br>OFFICER SANCHEZ, et al.,  )<br>                                            )<br>        Defendants.         ) | 8:06cv510<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the following motions filed by the plaintiff, Rudy Stanko, a prisoner housed in the Douglas County Correctional Center ("DCCC"): (1) filing no. 3, the Application for Injunctive Relief and Request for Heariing; (2) filing no. 7, the Motion to Serve Defendants because plaintiff lacks access to a copy machine and sufficient envelopes; (3) filing no. 8, the Motion for Exemption from Pacer Fees and Objection to the Prohibition of Prisoners to the Tools of the Legal Profession; (4) filing no. 10, the Motion for Hearing on Injunctive Relief, Declaration Submitted with Complaint; (5) filing no. 11, the Motion to Waive Initial Filing Fee and/or in the Alternative Motion to Extend Time for Payment; (6) filing no. 12, the Motion to Order the Clerk to Copy Complaint, Trust Account Information and Subsequent Filings by the Plaintiff; and (7) filing no. 13, the Motion to Order the Clerk to Provide Summons Forms for Urgent Service of Defendants.

### PLRA

Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case. Pursuant to PLRA, an imprisoned civil plaintiff must pay the court's entire filing fee, either at the outset when filing the complaint, or in installments if the court grants leave to proceed in forma pauperis ("IFP"). If a motion to proceed IFP is granted, the court assesses an initial partial filing fee in the amount of twenty (20) percent of the plaintiff's average monthly account balance or average monthly deposits, whichever is greater, for the six months preceding the filing of the complaint. In a Prisoner Payment Order entered on August 15, 2006 (filing no. 9), Magistrate Judge F. A. Gossett assessed an initial partial filing fee of $50 due by September 21, 2006, unless an enlargement of time

1

is granted in response to a written motion.

In filing no. 11, the plaintiff has filed a written motion to waive the fee, which is not possible, or, in the alternative, to extend the time to pay the fee, which I will grant. However, for prisoners proceeding IFP, initial review of the complaint, service of process on the defendants, and progression of the case do not occur until after the court receives the initial partial filing fee. Therefore, all of the plaintiff's other motions are denied at this time, subject to reassertion after (a) the plaintiff pays the initial partial filing fee, (b) the court conducts initial review, (c) the defendants are served and (d) the defendants have entered their appearances.

THEREFORE, IT IS ORDERED:

1. That filing no. 11, the plaintiff's Motion to Waive Initial Filing Fee and/or in the Alternative Motion to Extend Time for Payment, is granted in part and denied in part as follows: (a) the fee will not be waived; (b) the plaintiff shall have until October 31, 2006 to pay the initial partial filing fee of $50, in the absence of which this case will be dismissed for failure to prosecute;

2. That all other pending motions (filing nos. 3, 7, 8, 10, 12 and 13) are denied, without prejudice to reassertion after (a) the plaintiff pays the initial partial filing fee, (b) the court conducts initial review, (c) the defendants are served and (d) the defendants have entered their appearances; and

3. That if the plaintiff pays his $50 initial partial filing fee, the Clerk of Court shall bring that information to the attention of the court so that this case may be progressed.[1]

August 29, 2006.                    BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

[1] However, I note that much of the substance of the complaint has already been addressed by Chief Judge Joseph F. Bataillon in Case No. 8:06cr50.