IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUDY STANKO, ) | |
| ) | 8:06cv510 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| OFFICER SANCHEZ, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for initial review of the complaint[1] filed by the plaintiff, Rudy Stanko, an inmate in the Douglas County Correctional Center ("DCCC"), who has now paid his initial partial filing fee. The plaintiff protests the system by which funds are collected from inmates at the DCCC, the cost of telephone calls there, the recording of inmate telephone calls, restrictions at DCCC on inmate use of the mail, limitations on use of the law library and similar privations.

**PLRA**

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner or pretrial detainee files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff at the jail, and the plaintiff did not use the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal damages.

This case is assigned to the docket of District Judge Richard G. Kopf. However, a

---

[1] I note that much of the substance of the complaint has already been addressed by Chief Judge Joseph F. Bataillon in Case No. 8:06cr50.

1

Magistrate Judge may conduct initial review.  Having reviewed the complaint, I find that this case need not be dismissed on initial review.  Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below.  Because the plaintiff is proceeding in forma pauperis ("IFP"), the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

      IT IS THEREFORE ORDERED:

      1.     To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide.  The Clerk of Court shall send four summons forms and four USM-285 forms ("form 285s") to the plaintiff, together with a copy of this Order.

      2.     The plaintiff shall, as soon as possible, send the completed forms back to the Clerk of Court.  In the absence of the completed forms, service of process cannot occur.  The plaintiff must provide an address for each party to be served.  The U.S. Marshal and the court will not fill in a defendant's address on the forms.

      3.     Each person named as a defendant has two capacities: official capacity and individual capacity. One summons form and one 285 form may be used for service on all defendants collectively, in their official capacity.  A public employee in his or her official capacity is actually the entity which employs the defendant. Thus, the three named defendants, in their official capacity, may be served together at the address specified in Neb. Rev. Stat. § 25-510.02(2) for service on Douglas County:  "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." **The address of the County Clerk is:  Douglas County Clerk, 1819 Farnam Street H08,  Omaha, NE 68183.**

      4.     The other three summons and 285 forms may be used for service of process on each of the three defendants separately in their *individual* capacity at an address wherever each defendant can personally be found and will accept service of process personally or through a person authorized to receive a summons on his or her behalf.

      5.     Upon receipt of the completed summons and 285 forms, the Clerk of Court will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process.  The court will copy the complaint for the Marshal, and the plaintiff does not need to do so.  The Marshal shall serve each summons and complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

      6.     Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint.   However, delay in receipt of the plaintiff's initial partial filing fee resulted in deferral of initial review.  Thus, on the court's own motion, the plaintiff is granted an extension until 90 days from the date of this order to complete service of process.  The plaintiff is hereby notified that failure to obtain service on a defendant within

90 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

      7.    If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

      8.    After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

      9.    The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

      10.    A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

      11.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

      12.    The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

      DATED this 18th day of September, 2006.

      BY THE COURT:

      s/ F. A. GOSSETT
      United States Magistrate Judge