IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUDY STANKO, ) | |
| ) | 8:06cv510 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| OFFICER SANCHEZ, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on filing nos. 24, 25, 27, 29, 30, 31, 32, 38, 39 and 40, motions filed by the plaintiff, Rudy Stanko, who filed this action while incarcerated in the Douglas County Correctional Center ("DCCC"), and filing no. 26, the motion to intervene by Donald Dockery, another inmate at DCCC who wishes to intervene in this action as a co-plaintiff.  As a preliminary matter, Mr. Dockery has neither paid the $350 filing fee nor moved for leave to proceed in forma pauperis ("IFP") so as to pay the filing fee in installments as a co-plaintiff.  Therefore, his motion to intervene as a co-plaintiff is denied.

The plaintiff, Mr. Stanko, protests the system by which funds are collected from inmates at the DCCC, the cost of telephone calls there, the recording of inmate telephone calls, restrictions at DCCC on inmate use of the mail, limitations on use of the law library and similar privations.  However, the records of the court indicate that Mr. Stanko, having been convicted of federal offenses, is no longer incarcerated at the DCCC and is, instead, in the custody of the United States Bureau of Prisons.

Therefore, all of the requests for injunctive relief asserted by the plaintiff in his complaint and motions must be denied as moot.  Injunctive relief may not be recovered to improve conditions at a prison from which the plaintiff has been transferred or released. "A claim for equitable relief is moot 'absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the

plaintiff will be wronged again.'" Randolph v. Rodgers, 170 F.3d 850, 856-57 (8th Cir. 1999). When "an inmate has been transferred to another institution, his claim for injunctive relief against the warden of the first prison to improve the former prison's conditions is moot." Id. at 857, *citing* Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

In addition to injunctive relief, the plaintiff seeks damages for the emotional distress caused by the allegedly unconstitutional prison conditions he encountered at the DCCC. Without prejudging the merits of any of the plaintiff's challenges to the practices at the DCCC, the remedy of damages for emotional distress is not available to the plaintiff. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The plaintiff has made no showing of physical injury.

However, as the Eighth Circuit Court of Appeals has explained in Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004), 42 U.S.C. § 1997e(e) does not preclude nominal or punitive damages when otherwise warranted. Of course, the plaintiff cannot recover punitive damages from the defendants in their official capacity, City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981), and it is doubtful that the plaintiff has stated a claim on which relief may be granted for punitive damages against any individual-capacity defendant. Nevertheless, this case will proceed on the limited basis of the plaintiff's claims for nominal damages and declaratory relief against the defendants in their individual and official capacities and punitive damages in each defendant's individual capacity.

THEREFORE, IT IS ORDERED:

1. That the plaintiff's pending motions (filing nos. 24, 25, 27, 29, 30, 31, 32, 38 39 and 40) are denied;

2. That filing no. 26, the motion by Donald Dockery to intervene in this action, is denied;

3. That the plaintiff's claims for injunctive relief are dismissed as moot, and the

plaintiff's claims for compensatory damages on account of mental and emotional distress are barred by 42 U.S.C. § 1997e(e); and

    4.    That this matter will proceed on the limited basis set forth above, i.e., for nominal damages and declaratory relief in the defendants' individual and official capacities, and punitive damages in the defendant's individual capacity.

February 14, 2007.    BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge