IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUDY STANKO, | ) | 8:06CV510 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| SARGENT SANCHEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following five motions: (1) Defendants' motion for summary judgment on the merits and on qualified immunity grounds (filing 62); (2) Defendants' motion to stay discovery pending disposition of the qualified immunity issue (filing 65); (3) Plaintiff's motion for leave to file an amended complaint; (4) Plaintiff's motion to compel Barbara Glazer to answer interrogatories (filing 82); and (5) Plaintiff's motion to compel Louis Sanchez to answer interrogatories (filing 83). All of the motions will be denied.

Our local rules require a party moving for summary judgment to "set forth in the brief in support of the motion for summary judgment a separate statement of material facts[1] as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). "Failure to submit a statement of facts constitutes grounds for denial of the motion." *Id.* (emphasis in original). The "Facts of the Case" section of Defendants' brief consists entirely of allegations set forth in Plaintiff's complaint,

---

[1] "The statement of facts shall consist of short numbered paragraphs, each containing pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials relied upon to support the material facts recited in that paragraph." NECivR 56.1(a)(2). "Failure to provide citations to the exact locations in the record supporting the factual allegations shall be grounds to deny the motion." *Id.* (emphasis in original).

which have already been reviewed by the court and found to be sufficient. *See* Memorandum and Order entered on April 4, 2007, denying Defendants' motion for judgment on the pleadings (filing 56). Because of Defendants' failure to comply with this basic briefing requirement, their motion for summary judgment will be denied. Defendants' motion to stay discovery pending disposition of the qualified immunity issue will be denied as moot.

Plaintiff has also failed to comply with our local rules in filing his motions. The fact that he appears pro se does not excuse his noncompliance. *See* NEGenR 1.3(g) ("Except as otherwise expressly provided, all litigants who are proceeding pro se shall be bound by and comply with all local rules and administrative procedures and with the federal rules of procedure.").

Our local rules are very explicit regarding the procedure that must be followed when a party files a motion for leave to amend:

> A party who moves for leave to amend a pleading (including a request to add parties) shall file as an attachment to the motion an unsigned copy of the proposed amended pleading. Except as provided in these rules or by leave of court, the proposed amended pleading must be a complete pleading which, if allowed to be filed, supersedes the pleading amended in all respects; no portion of the prior pleading may be incorporated into the proposed amended pleading by reference.[2] The motion for leave to amend shall set forth specifically the amendments proposed to be made to the original pleading, state whether the motion is unopposed, and identify the amendments in the proposed amended pleading.

NECivR 15.1(a). In this instance, Plaintiff has not attached a proposed amended complaint to his motion, nor has he even described the nature of the proposed

---

[2] Our local rules do permit the court, in its discretion, to consider a pro se litigant's amended pleading as supplementing, rather than superseding, the original pleading, *see* NECivR 15.1(b), but this is the only leeway that is given to the pro se litigant who is requesting leave to amend.

2

amendment. Without knowing what amendments Plaintiff has in mind, there is no way to evaluate the merits of his motion for leave to amend. Consequently, the motion will be denied.

Regarding Plaintiff's motions to compel discovery, the Federal Rules of Civil Procedure require a discovering party moving for an order compelling answers to interrogatories to include with the motion "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information . . . without court action." Fed. R. Civ. P. 37(a)(2)(B). This rule does not contain an exception for pro se prisoners.[3] *See Harris v. Oliver*, No. 4:06CV3017, 2007 WL 1302993, *2 (D.Neb. March 21, 2007) (Urbom, J.) (denying pro se prisoner's motion to compel for noncompliance with certification requirement). *Cf. Holloway v. Lockhart*, 813 F.2d 874, 880 n. 3 (8th Cir. 1987) ("We have previously stated, and now reiterate, that the discovery

---

[3] Our local rules specify that the certification requirement applies to pro se parties:

> To curtail undue delay in the administration of justice, this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable to reach an accord. This showing shall also recite the date, time, and place of such communications and the names of all persons participating in them. *As used in this rule, "counsel" includes parties who are acting pro se.*

NECivR 7.1(i) (emphasis supplied). "Personal consultation" includes "person-to-person conversation, either in the physical presence of each counsel or on the telephone," but "[a]n exchange of letters, faxes, voice mail messages, or e-mails between or among counsel may also constitute personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the non-moving party." NECivR 7.1(i)(1). Because the local rule permits these various forms of communication, the plaintiff's prisoner status does not severely impair his ability to confer with defendants' counsel.

devices of the Rules of Civil Procedure are available to pro se prisoners in § 1983 suits on the same terms as other civil litigants."). Because Plaintiff has made no showing that he has conferred, or attempted to confer, with defendants' counsel[4] about the requested discovery, his motions to compel will be denied.

Accordingly,

IT IS ORDERED that:

1. Defendants' motion for summary judgment (filing 62) is denied.

2. Defendants' motion to stay discovery (filing 65) is denied.

3. Plaintiff's motion for leave to file an amended complaint (filing 68) is denied.

4. Plaintiff's motion to compel discovery from Defendant Barb Glazer (filing 82) is denied.

5. Plaintiff's motion to compel discovery from Defendant Sargent Sanchez (filing 83) is denied.

September 18, 2007.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

[4] The court assumes that Barbara Glazer is the defendant Barb Glazer, and that Louis Sanchez is the defendant Sargent Sanchez.