IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUDY STANKO, Individually and on behalf of similarly situated prisoners, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:06CV510 |
| v. | ) ) | |
| UNKNOWN SANCHEZ, Sargent, Individually and in his Official Capacity as Supervisor, JOHN HUBBARD, Individually and in his Official Capacity as Acting Director, BARB GLAZER, Individually and in her Official Capacity as Scheduling Supervisor, and JOHN DOES 1X THROUGH 6X, Individually and in their Official Capacities, | ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

This matter is before the court on Plaintiff's Motion for Leave to File a Supplemental Amended Complaint (filing no. 91), Plaintiff's Motion for Order for the Clerk to Serve Defendant Patton (filing no. 92), Plaintiff's Motion to Admit as Evidence Fifty-Seven Administrative Complaints With Index (filing no. 93), Plaintiff's Objection to Order Denying Free Copy of Local Rules (filing no. 96), and Attorney Derek Vaughn's Motion to Withdraw as Attorney on behalf of Defendants Unknown Sanchez, John Hubbard, Barb Glazer, John Does 1x through 6x (filing no. 98).

**Motion to Amend Complaint**

On September 18, 2007, this court denied Plaintiff's Motion to Amend his Complaint because the motion failed to comply with the local rules. (Filing No. 87.) After entry of that order, Plaintiff filed this renewed motion to amend. (Filing No. 91.) Attached to Plaintiff's renewed motion is an unsigned copy of the proposed amended complaint, and the motion states that the proposed amended complaint adds an additional defendant and includes five additional claims for relief. Because the Plaintiff's renewed motion to amend cures the errors of Plaintiff's original Motion to Amend, the court will consider the motion on its merits.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason-such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Id.*

However, the Eighth Circuit has held that it is not an abuse of discretion to deny a motion to amend when late tendered amendments involve new theories of recovery and impose additional discovery requirements. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 448 (8th Cir. 1995); *see also Barrett v. Independent Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming denial of leave to amend, although bad

faith and dilatory motive were not found, where "amendment sought to add several ... additional counts" and "[e]ven though the motion was not filed until nearly ten months after the original complaint, there would appear to be no matters ... which could not have been raised initially"). Accordingly, "[a]t some point. . . time delay on the part of a plaintiff can be procedurally fatal. In that situation, the plaintiff must meet the burden of showing that the delay 'was due to oversight, inadvertence, or excusable neglect[.]'" *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citing *Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co.*, 146 F.2d 165, 167 (8th Cir. 1945)).

Plaintiff's proposed amended complaint includes new claims challenging the Douglas County Correctional Center's ("DCCC") alleged failure to separate nonviolent and violent offenders in violation of DCCC policy; challenging Plaintiff's placement in segregation and the conditions of his segregation; and challenging the procedures used to review Plaintiff's administrative complaints. Plaintiff filed his Motion for Leave to File a Supplemental Amended Complaint on October 15, 2007, almost 15 months after he filed his original Complaint in this matter.[1] The incidents which are the subject of Plaintiff's proposed amended complaint were known to Plaintiff during the pendency of this case. However, Plaintiff did not raise these issues until after Defendants filed a Motion for Summary Judgment. Furthermore, prior to the filing of his Motion for Leave to File a Supplemental Amended Complaint, Plaintiff actively moved his case forward by filing approximately 26 motions.

The deadline for conducting discovery in this case expired on November 26, 2007. The deadline for filing dispositive motions expired on December 26, 2007,

---

[1] Notably, Plaintiff's first motion to amend was filed 11 months after Plaintiff filed his original Complaint. The first motion to amend was also filed after Defendants filed their Motion for Summary Judgment.

and a pretrial conference is set for April 1, 2008. Therefore, because this case has progressed past the stage of discovery, and Plaintiff's late tendered amendment involves new theories of recovery that would involve additional discovery, the court denies Plaintiff's Motion for Leave to File a Supplemental Amended Complaint. This case will move forward on the Plaintiff's original Complaint. (Filing No. 1.) Accordingly, Plaintiff's related motions, his Motion for Order for the Clerk to Serve Defendant Patton (filing no. 92) and his Motion to Admit as Evidence Fifty-Seven Administrative Complaints (filing no. 93) are denied.

### Objection to Order Denying Copies

Plaintiff filed an "Objection and Notice of Due Process Impediment" arguing that this court's September 19, 2007 Order denying Plaintiff a copy of the local rules violated his rights to due process. In the September 19, 2007 Order, Plaintiff was instructed that he could obtain a free copy of the local rules on the court's website or could obtain a copy of the local rules from the Clerk of court for a fee of $5.00.

The statutory right to proceed in forma pauperis does not include the right to receive copies without payment. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973). Therefore, the court construes Plaintiff's objection to the court's September 19, 2007 Order as a motion, and that motion is denied.

### Motion to Withdraw

Defense Counsel Derek Vaughn filed a Motion to Withdraw on behalf of Defendants Unknown Sanchez, John Hubbard, Barb Glazer, and John Does 1x

through 6x. (Filing No. 98.) The court notes that Defendants remain represented by counsel. The motion is therefore granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to File a Supplemental Amended Complaint (filing no. 91) is denied.

2. Plaintiff's Motion for Order for the Clerk to Serve Defendant Patton (filing no. 92) is denied.

3. Plaintiff's Motion to Admit as Evidence Fifty-Seven Administrative Complaints (filing no. 93) is denied.

4. Attorney Derek Vaughn's Motion to Withdraw as Attorney (filing no. 98) is granted.

5. Plaintiff's Objection and Notice of Due Process Impediment (filing no. 96), construed as a motion, is denied.

January 30, 2008.                     BY THE COURT:

                                      *s/Richard G. Kopf*
                                      United States District Judge