IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUDY STANKO, Individually and on behalf of similarly situated prisoners, | ) ) ) ) | 8:06CV510 |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| UNKNOWN SANCHEZ, et al., | ) ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to File an Interlocutory Appeal (filing no. 107), Plaintiff's Second Motion and Brief for Leave to File Interlocutory Appeal (filing no. 113), Plaintiff's Motion to Extend Time to Reply to Defendants' Motion for Summary Judgment (filing no. 114), and Plaintiff's Objection to Filing No. 112 In Conjunction with Filing 100 For an Appeal (filing no. 116.)

*Motion for Interlocutory Appeal*

In Plaintiff's Motion for Leave to File an Interlocutory Appeal and Second Motion and Brief for Leave to File Interlocutory Appeal (filing nos. 107 and 113), Plaintiff seeks to appeal the court's January 30, 2008 Memorandum and Order denying his Motion for Leave to Amend his Complaint. (Filing No. 100.)

Pursuant to Federal Rule Civil Procedure 54(b), the court's January 30, 2008 Memorandum and Order was not a final and appealable order adjudicating all the claims and rights of the parties. *See, e. g., In re Kelly*, 876 F.2d 14, 15 (3d Cir. 1989) (concluding that "[o]rders permitting the addition of parties are clearly interlocutory"); *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 651 (2d Cir.

1987); *Wells v. South Main Bank*, 532 F.2d 1005, 1006 (9th Cir. 1976) (holding that denial of leave to amend pleadings is ordinarily not final for purposes of appeal). However, 28 U.S.C. § 1292(b), allows a court to certify an order not otherwise appealable for immediate appeal if it finds "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Plaintiff argues that *Klinger v. Neb. Dep't of Corr. Servs.*, 824 F. Supp. 1374 (D. Neb. 1993) supports his Motion for Leave to File an Interlocutory Appeal. But *Klinger* is clearly distinguishable from this case. In *Klinger*, this court certified for an interlocutory appeal the issue of whether the district court properly applied the law in finding present and past administrators of the Nebraska Department of Correctional Services liable for violating the equal protection rights of female inmates in the Department's prison system. *See id.* at 727. *Klinger* involved a controlling question of law as to which there was substantial ground for difference of opinion and immediate appeal from the order materially advanced the ultimate termination of the litigation. The court's January 30, 2008 Memorandum and Order denying Plaintiff's Motion to Amend does not meet this standard. Therefore, Plaintiff's motions are denied.[1]

## *Motion to Extend*

Plaintiff moves this court for a second extension of time to reply to Defendants' Motion for Summary Judgment. (Filing No. 114.) Plaintiff asks the court to extend the reply deadline until April 30, 2008. The motion is granted.

---

[1] It is of note that many of the issues that Plaintiff attempted to include in his Motion to Amend are already being litigated by Plaintiff in a separate civil action before this court, *Stanko v. Patton, et al.*, Case No. 8:06cv290.

*Objection to Filing No. 112*

In his Objection, Plaintiff states that "[t]he Plaintiff Objects to the denial of the motion for leave to file an interlocutory appeal in conjunction with construing the 1st objection as a Motion for Reconsideration[.]" The court's March 18, 2008 Memorandum and Order (filing no. 112) did not deny Plaintiff's Motion for Leave to File an Interlocutory Appeal. Furthermore, Plaintiff's Objection does not set forth any basis that would cause this court to reconsider its previous decisions. Therefore, the Objection is dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to File an Interlocutory Appeal (filing no. 107) and Second Motion and Brief for Leave to File Interlocutory Appeal (filing no. 113) are denied.

2. Plaintiff's Motion to Extend Time to Reply to Defendants' Motion for Summary Judgment (filing no. 114) is granted. Plaintiff shall have until April 30, 2008 to file his reply to Defendants' Motion for Summary Judgment.

3. The Clerk of court is directed to set a pro se case management deadline using the following language: Check for Plaintiff's reply to Summary Judgment Motion April 30, 2008.

4. Plaintiff's Objection to Filing No. 112 In Conjunction with Filing 100 For an Appeal (filing no. 116) is dismissed.

April 1, 2008.            BY THE COURT:

                                             *s/Richard G. Kopf*
                                             United States District Judge